## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

RUSSELL COHEN           )
                        )  3:06-cv-00587-KJD (VPC)
    Plaintiff,          )
                        )
vs.                     )  **REPORT AND RECOMMENDATION**
                        )  **OF U.S. MAGISTRATE JUDGE**
JERRY BAINBRIDGE, *et al.*, )
                        )
    Defendants.         )  August 8, 2008
_____)

       This Report and Recommendation is made to the Honorable Kent J. Dawson, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to assess a strike pursuant to 28 U.S.C. § 1915(g) (#21). Plaintiff failed to file an opposition. The court has thoroughly reviewed the record and the motion and recommends that defendants' motion to assess a strike (#21) be granted.

### I. HISTORY & PROCEDURAL BACKGROUND

       Plaintiff Russell Cohen ("plaintiff"), acting *in pro se*, is incarcerated in the custody of the Nevada Department of Corrections ("NDOC") at Ely State Prison ("ESP") (#8). On November 1, 2006, plaintiff filed a motion to proceed *in forma pauperis* (#1), which the court granted on January 8, 2007 (#5). Pursuant to 28 U.S.C. § 1915A, the court screened plaintiff's complaint on May 4, 2007 and dismissed counts I and IV without prejudice (#11).[1] Plaintiff's complaint was filed and claims II and III proceeded. *Id*.

       On July 18, 2007, defendants filed a motion to dismiss, or in the alternative, a motion for summary judgment on the basis of *res judicata* and/or collateral estoppel (#16). Defendants argued and presented evidence that plaintiff had already litigated the claims he brought in this federal case in the Nevada state courts, that the state court had dismissed plaintiff's claims with

---

[1] Upon reconsideration, on June 4, 2007, the court reinstated plaintiff's count IV (#15).

1 prejudice, and that the Nevada Supreme Court affirmed the dismissal on appeal. *Id*. Despite two
2 notices from the court (#17 and #18), plaintiff failed to file points and authorities in opposition
3 to defendants' motion to dismiss. On October 10, 2007, the court dismissed all of plaintiff's
4 claims (#19) and entered judgment in favor of defendants (#20).

5    On January 9, 2008, defendants filed the present motion to assess a strike(#21) and
6 plaintiff failed to respond. On June 23, 2008, this court issued a *sua sponte* minute order granting
7 the plaintiff one extension of time until July 21, 2008 to file a motion in opposition to defendants'
8 motion to strike (#22). As the plaintiff has not filed points and authorities in opposition, the court
9 submits defendants' motion for decision.

10    The Court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the
11 plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff
12 the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th
13 Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

**A. Discussion**

  **1. Motion to Assess a Strike**

17    Individuals filing a civil complaint in a United States District Court are required to pay
18 a $350.00 filing fee prior to filing their lawsuit. 28 U.S.C. § 1914(a). Pursuant to the Prison
19 Litigation Reform Act ("PLRA"), prepayment of this fee is waived for indigent prisoners unless
20 they are subject to the "three strikes" rule. 28 U.S.C. § 1915(a)(1) and (g). Section 1915(g)
21 states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id*. Thus, prisoners who have been assessed three or more strikes may not proceed *in forma pauperis*. *Id*.

1    "The PLRA does not define the terms 'frivolous,' or 'malicious,' nor does it define
2    dismissals for failure to 'state a claim upon which relief could be granted.'" *Andrews v. King*, 398
3    F.3d 1113, 1121 (9th Cir. 2005). The Ninth Circuit has held that failure to state a claim upon
4    which relief may be granted, as used elsewhere in section 1915, "parallels the language of Federal
5    Rule of Civil Procedure 12(b)(6)." *Id*. (citation omitted). Additionally, the Ninth Circuit has
6    defined a "frivolous" case as one "of little weight or importance: having no basis in law or fact,"
7    and a "malicious" case as one that is "filed with the intention or desire to harm another." *Id*.
8    (citations and quotations omitted). While "not all unsuccessful cases qualify as a strike under
9    §1915(g)," the court, after careful evaluation of the relevant facts and circumstance, should assess
10   a strike in those cases that have been dismissed for any of the above reasons. *Id*.

11   **B. Analysis**

12   Defendants argue that the court should assess a strike against plaintiff because, by
13   bringing this federal lawsuit, plaintiff sought to re-litigate issues already litigated and dismissed
14   in state court (#21). The court agrees a strike should be assessed for a number of reasons.

15   First, on October 1, 2007, the District Court dismissed this action and entered judgment
16   pursuant to a Local Rule of Practice for the District of Nevada ("LR") which states that "[t]he
17   failure of an opposing party to file points and authorities in response to any motion shall
18   constitute a consent to the granting of the motion" (#19 (citing L.R. 7-2(d)). While not
19   necessarily the case, one could view plaintiff's failure to oppose defendants' motion to dismiss
20   in this case as a concession that his complaint had no basis in law or fact. At the least, pursuant
21   to LR 7-2(d), by failing to file an opposition, plaintiff consented to the granting of defendants'
22   motion to dismiss.

23   Next, this court agrees with defendants that when plaintiff originally filed his complaint
24   in this case, he misrepresented to the Court when he answered "no" to the question of whether
25   he had ever filed other actions in state or federal court "involving the same or similar facts" as
26   involved in the present action. *See* #21 (citing #12, p. 7, ¶ D(1)).

27   Finally, the court notes that despite and extension of time, plaintiff failed to file points and
28   authorities in opposition to the present motion to assess a strike; as such, the court finds that

plaintiff consents to the granting of the present motion.

## III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that defendants' unopposed motion to assess a strike pursuant to 28 U.S.C. § 1915(g) has merit, and that plaintiff consents to the granting of defendants' motion pursuant to LR 7-2.  As such, the court recommends that defendants' motion to assess a strike (#21) be **GRANTED**. .

The parties are advised:

1.   Pursuant to 28 U.S.C.  § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.   This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to assess a strike (#21) be **GRANTED**

**DATED:** August 8, 2008.

*/s/ Valerie P. Cooke*
_____
 **UNITED STATES MAGISTRATE JUDGE**

4